UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOEL ALMANZA-WITRAGO,<br><br>    Defendant.<br>_____/ | Case No. 1: 13-CR-0013-AWI-BAM<br><br>**ORDER ON DEFENDANT'S MOTION FOR DISCOVERY** (Doc. 12) |

    The continued motion of defendant Joel Almanza-Witrago came on for further hearing on September 4, 2013. The motion initially was set for July 22, 2013, and at the hearing, defendant requested a continuance to review documents recently produced by the government.

    Defendant appeared at the September 4 hearing by Assistant Federal Defenders Peggy Sasso and Charles Lee. The government appeared by Assistant United States Attorney Mia Giacomazzi. The Court has considered counsels' oral argument and the documents filed by the parties in support of and in opposition to the motion. Doc. 12, 14, 17.

**Charges and Disputed Discovery**

    Defendant Joel Almanza-Witrago ("defendant") was charged in a one-count indictment with violation of 8 U.S.C. §1326(a) and (b)(2), Deported Alien Found in the United States. Doc. 8. The Indictment alleges that the defendant was removed from the United States on or about June 21, 2011,

after a felony conviction, and thereafter was found within the Eastern District of California without permission.

Based on its initial investigation, Defense counsel believes that defendant entered the United States through the border checkpoint at San Ysidro on June 10, 2012, between 8 a.m. and 4 p.m. Upon arriving at the San Ysidro checkpoint, defendant presented himself to the primary inspection agent. That agent sent him to secondary inspection, where his fingerprints were taken.

In this motion, defendant seeks to compel the government to produce certain documents. The parties resolved the majority of the discovery items before the hearing. Two items remained disputed and are listed in defendant's reply brief as items (B) and (C):

(B) Any video and/or audio recording of the secondary inspection areas of the border checkpoint located at San Ysidro, on June 10, 2012 from 8 a.m. to 4 p.m., and

(C) The names of the border patrol agents on duty at the secondary inspection areas at San Ysidro, on June 10, 2012 from 8 a.m. to 4 p.m.  (Doc. 17, p. 4.)

At the hearing, defendant withdrew any request for information pertaining to the "primary' inspection area, and only the secondary inspection area remained in dispute.

**Rule 16**

Rule 16 of the Federal Rules of Criminal Procedure grants defendants a right to discovery, providing that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph ... documents ... within the government's possession, custody, or control ... [that are] material to preparing the defense...." Fed.R.Crim.P. 16(a)(1)(E)(I).  Information is "in the possession of the government" if the prosecutor "has knowledge of and access to the documents sought by the defendant." *United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 167 (1989).

Rule 16 requires a party seeking discovery to make a showing of materiality of the information sought. To receive discovery, the defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (quoting *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir.1995)); *see also United States v. Doe*, 705 F.3d 1134,

1150 (2013) (The defendant must make a preliminary showing of materiality, "which requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense."). A court must determine whether the requested documents are "material to preparing the defense." In the context of Rule 16, "'the defendant's defense' means the defendant's response to the Government's case in chief." *U.S. v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480 (1996).

### *In Camera* Proffer

During the hearing, defendant stated he would proffer why the documents are material, but requested an *in camera* hearing to make the offer. The Court then held an *in camera* hearing on the proffered evidence. After the proffer, the Court found that the documents requested are material (i.e., relevant) to the defense of this case.

### "Possession" of the Government

The government argues, regardless of materiality, the documents cannot be produced. The government argues that it is not in possession, custody or control of the items in categories (B) and (C) and therefore cannot be ordered to produce such documents. The government represents that the documents are in the custody and control of U.S. Customs & Border Protection ("CBP"). CBP is a distinct governmental entity from the prosecutorial team. Part of the prosecutorial team is U.S. Immigration and Customs Enforcement ("ICE").

The Ninth Circuit has held that who is the government for possession, custody and control requires "a fair balance of competing concerns." *United States v. Bryan,* 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 167, 107 L.Ed.2d 124 (1989). "[T]he scope of the government's obligation" turns on "the extent to which the prosecutor has knowledge of and access to the documents." Defining the "government" is important in criminal discovery matters because the prosecution does not have to scour the files of every governmental agency on the chance that some pertinent information, or information that the defendant deems pertinent, may be disclosed. *United States v. Bryan*, 868 F.2d at 1036. The prosecution does not become the FOIA (Freedom of Information Act) agent for the defense. However, "[t]he prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in

the same investigation of the defendant." *Id.* In *United States v. Salyer*, 271 F.R.D. 148, 156 (E.D.Cal.2010), the court held that a "reasonable, balanced approach must be taken" to determine whether the government is in possession, custody or control.

Defendant argues that the government produced documents in defendants A-file from CBP and therefore, must have access to CBP documents. Further, defendant argues that CBP and ICE are aligned and enforce the same laws. Defendant argues "there should no doubt that the requested documents are within the government's possession; defense is requesting Department of Homeland Security documents in an 8 U.S.C. § 1326." (Doc. 17 at p.2:15.)

The government argues that documents and tangible things requested by defendant are within the possession of the CBP. The government argues that CBP is not part of the investigative team for the prosecution of defendant, and the government does not have access to these documents. It argued that any documents already produced by the government, which originated from CBP, were produced because those documents were maintained in defendant's A-file and not because the government has access to CBP documents. The prosecutor disavowed any ability to obtain or to access information for activities at the San Ysidro border checkpoint location.

A reasoned, balanced approach convinces the Court that the government is not in possession, custody or control of the items listed in (B) and (C). The Court finds that the CBP is separate, with different functions and responsibilities, from ICE. While both are within the organizational structure of the Department of Homeland Security, their purposes are different. There is a no showing that CBP had any role in investigating or prosecuting this action or had any other connection with this case.

This is not a case such as *Santiago*, where the government obtained significant information for proof of its case. In *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995), the Ninth Circuit held that prison files in the possession of the federal Bureau of Prisons ("BOP"), an agency within the Department of Justice and separate from the United State Attorney, nonetheless, would be "in the possession" of the United States Attorney. The Court noted that the BOP was a sister agency, but critical to the Court was the fact that the prosecutor had actually acquired quite a bit of information about the case by simply requesting it from the BOP, indicating the prosecutor had "access" to documents. *Id.* at 893-94. While BOP was not an "investigating agency," "access" to the requested

4

information was the key.  Such access is to be determined on a case by case basis.  *U.S. v. Salyer*, 271 F.R.D. at 156.

In this case, unlike in *Santiago,* the prosecutor has not obtained significant documents for the government's case from CBP.  The government has not obtained documents, other than the apparently routinely maintained A-file documents.  While it could be argued that CBP is a "sister agency" to ICE, that relationship is not determinative.  The San Ysidro port of entry is in the Southern District of California and not within this District.  The items requested are for unique CBP operational activities which occurred at the San Ysidro port of entry, at a location physically remote from this U.S. Attorney's office and events in this case.  There is no showing that the government has control over operational activities at the port of entry.

The government does not have the obligation to search every governmental agency, even an aligned agency.  *Salyer* noted that "to the extent that the prosecution and investigators have simply queried agencies, private entities, or persons to confirm or dis-affirm leads, theories, facts, and have obtained a stray document or two, these agencies or persons are not within the government for purposes of this case."  Salyer, 271 F.R.D. at 157.  Here, the government will not be compelled to produce documents that are in the possession of an agency which had no part in the criminal investigation and for which the government does not have control over the agency officials who physically possess the documents.  The Court finds that the U.S. Attorney's office here is not in possession, custody or control of the documents requested.

## Order

For the foregoing reasons, the Defendant's motion to compel items (B) and (C) from the government is DENIED.

IT IS SO ORDERED.

Dated:  **September 5, 2013**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE